# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:25-CV-00815-KDB-DCK

| | |
|---|---|
| PAUL DAVID WIEDEMANN,<br><br>**Plaintiff,**<br><br>v.<br><br>AHMED MALIK, ET. AL,<br><br>**Defendants.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorneys' Fees (Doc. No. 17). On February 18, 2026, the Court entered Default Judgment for Plaintiff against Defendants, jointly and severally, on his claims of fraud and violations of the North Carolina Unfair and Deceptive Trade Practices Act in the trebled amount of more than $673,000. *See* Doc. No. 13. Plaintiff now seeks an additional $89,087 in attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1 and $714 in costs under Federal Rule of Civil Procedure 54(d).

Section 75–16.1 of the North Carolina General Statutes provides that:

In any suit instituted by a person who alleges that the defendant violated G.S. 75–1.1, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party, upon a finding by the presiding judge that:

    (1) The party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit; or

    (2) The party instituting the action knew, or should have known, the action was frivolous and malicious.

1

N.C. Gen. Stat. § 75–16.1 (2003). Therefore, in order to award attorneys' fees under this section, the trial court must find: (1) plaintiff is the prevailing party; (2) defendant willfully engaged in the act at issue; and (3) defendant made an unwarranted refusal to fully resolve the matter. *Willen v. Hewson*, 174 N.C. App. 714, 721–22, 622 S.E.2d 187, 192 (2005). Further, even if the requirements are met, an award of attorneys' fees under N.C. Gen. Stat. § 75–16.1 is in the trial court's discretion. *Id.*; *Merritt v. S&S Mgmt. Grp., LLC*, 298 N.C. App. 132, 911 S.E.2d 797 (2025) (holding that the trial court need not even make findings in support of the exercise of its discretion to decline to award attorneys' fees).

Here, there is no evidence of an "unwarranted refusal to fully resolve the matter." Plaintiff suggests, without any citation to authority, that Defendants' failure to appear and contest Plaintiff's allegations (which of course allowed Plaintiff to win by default rather than expend time and money to litigate the case) itself is sufficient to prove that statutory requirement. The Court disagrees. Not all default judgment cases satisfy the requirement of an unreasonable refusal to settle merely by their very nature (i.e. the absence of a response). Rather, the intent of the statute is two-sided - to both encourage plaintiffs to pursue settlement and defendants to consider reaching an agreement, at the risk of being further liable for attorneys' fees. The record in this case reflects no evidence of either an offered settlement or Defendants' response.

More generally, while the Court is quite hesitant to take any action that might benefit a defendant who has been found liable for a significant fraud, the Court's Default Judgment award will, if collected, provide Plaintiff with a full recovery of his actual damages, attorneys' fees and more than $300,000 in exemplary damages. Therefore, the Court will exercise its discretion and decline to award attorneys' fees to Plaintiff in addition to the Default Judgment.

2

With respect to the requested award of costs, Plaintiff's motion will be granted pursuant to Fed. R. Civ. Proc. 54(d).

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Attorneys' Fees (Doc. No. 17) is **GRANTED** as to the award of costs, but **DENIED** as to his request for attorneys' fees**;**

2. Plaintiff is awarded $714 in costs; and

3. The clerk is directed to maintain this matter as closed.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: April 16, 2026

Kenneth D. Bell
United States District Judge

3